[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT FIREMAN'S INSURANCE COMPANY'SMOTION FOR SUMMARY JUDGMENT
On February 25, 1993, the plaintiff, the Town of North Branford, filed a three count complaint against the defendants, Peter H. Bove Construction, Inc. (Bove), American Bankers Insurance Company of Florida (American Bankers) and Firemen's Insurance Company of Newark, New Jersey (Firemen's). In a previous motion for summary judgment in this case, the court, Zoarski, J., in its memorandum of decision dated August 25, 1993, characterized the facts as follows. In 1992 the plaintiff sought bidders for the job of sanitary and sewer installation/construction within the town of North Branford. Prior to June 26, 1992, Bove submitted a bid for the aforementioned work in the amount of $1,794,790.60. In connection with Bove's bid, Bove provided to the plaintiff a bid bond. Under the terms of such bond, American Bankers bound themselves to the plaintiff to the effect that if Bove failed to (1) furnish a bond for his faithful performance of the construction contract, contemplated by Bove's bid for the project, and/or (2) failed to furnish a bond for the payment of all persons performing labor or furnishing materials in connection therewith, and/or (3) failed in any other respect to perform the agreement created by the acceptance of Bove's bid by the plaintiff, then American Bankers would act as surety for Bove's obligations, to the extent of one hundred-seventy thousand dollars. On June 26, 1992, the plaintiff accepted Bove's bid.
On September 18, 1992, Bove submitted documents to the plaintiff in the form of performance and payment bonds (bonds). Firemen's was the surety for such bonds. The bonds were issued by Patrick C. Schooley (Schooley), an insurance agent of Firemen's. Schooley, who is not a party to this action, allegedly issued the bonds without required prior authorization from a Firemen's field office. As a result, Firemen's contends that the bonds that were issued to the plaintiff were unauthorized and fraudulent. On the CT Page 3835 strength of this contention, Firemen's unilaterally rescinded the bonds by notifying the plaintiff that it would not honor its obligations thereunder.
As a result of Firemen's unilateral recision of its bonds, the plaintiff now alleges that Bove has failed to live up to the terms of the agreement with it because Bove failed to timely provide legitimate performance and payment bonds to the plaintiff. Accordingly, the plaintiff alleges that it was required to award the contract to the next lowest bidder. The second lowest bid was allegedly $152,904.90 higher than the bid submitted by Bove, and the plaintiff has allegedly been damaged in such amount. The plaintiff allegedly made a demand on Bove for $152,904.90, and Bove has allegedly refused to pay such amount to the plaintiff.
The first count of the plaintiff's complaint is addressed to Bove and alleges that Bove is responsible for the $152,904.90 because Bove failed to provide the bonds. The second count is against American Bankers and alleges that American Bankers is liable to the plaintiff pursuant to its bid bond. The third count is against Firemen's, alleging that Firemen's is liable to the plaintiff under the payment and performance bonds.
On April 23, 1993, Firemen's filed an answer to the plaintiff's complaint. On June 28, 1993, Firemen's filed a motion for summary judgment as to count three of the plaintiff's complaint. In support of its motion for summary judgment, Firemen's argued that the doctrine of apparent authority, which is the basis of plaintiff's claim against Firemen's, requires that the plaintiff prove detrimental reliance. In a memorandum of decision, dated August 25, 1993, the court, Zoarski, J., in denying Firemen's motion, held that the existence of genuine issues of material fact concerning Schooley's alleged apparent authority precluded summary judgment.
On September 3, 1993, Fireman's filed a motion to reargue its motion for summary judgment, arguing again that the doctrine of apparent authority requires detrimental reliance. The court, Zoarski, J., in a memorandum of decision dated October 22, 1993, denied Fireman's motion to reargue on the ground that the doctrine of apparent authority requires only a good faith reliance by a third party as opposed to detrimental reliance.
On May 16, 1994, Fireman's amended its answer by adding a CT Page 3836 first special defense alleging that the plaintiff cannot maintain a claim in equity against Fireman's because the plaintiff has an adequate remedy at law. Before the court at this time is Fireman's motion for summary judgment, filed on December 7, 1994, based upon its special defense that apparent authority is an equitable doctrine that requires there be no adequate remedy at law. All of the parties have filed extensive memoranda with respect to the pending motion for summary judgment.
Pursuant to Practice Book § 384, summary judgment is appropriate when "the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105, 639 A.2d 507 (1994). The party moving for summary judgment "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to judgment as a matter of law." (Internal quotation marks omitted.) Id. In determining whether an issue of material fact exists, the evidence is considered in the light most favorable to the nonmoving party. Strada v.Connecticut Newspaper, Inc., 193 Conn. 313, 317, 477 A.2d 1005
(1984).
"Apparent authority is that semblance of authority which a principal, through his own acts or inadvertences, causes or allows third persons to believe his agent possesses. . . . Consequently, apparent authority is to be determined, not by the agent's own acts, but by the acts of the agent's principal." (Citations omitted; internal quotation marks omitted.) Tomlinsonv. Board of Education, 226 Conn. 704, 734, 629 A.2d 333 (1993). "The issue of apparent authority is one of fact, requiring the trier of fact to evaluate the conduct of the parties in light of all surrounding circumstances. Only in the clearest of circumstances, where no other conclusion could reasonably be reached, is the trier's determination of fact to be disturbed."Edart Truck Rental Corp. v. B. Swirsky Co., 23 Conn. App. 137,140, 579 A.2d 133 (1990).
The sole issue before the court in this motion for summary judgment is Firemen's argument that apparent authority is an equitable doctrine that requires there be no adequate remedy at law and that in this case the plaintiff has an adequate remedy at law against American Bankers. The plaintiff has failed to provide the court with sufficient authority for this argument. Firemen's, CT Page 3837 in its memorandum in support of its motion for summary judgment, mainly relies upon an analogy of apparent authority to the doctrine of equitable estoppel. This analogy, however, is unpersuasive because even though the two doctrines are similar they are not identical[1] and it remains "useful to preserve the distinction." 1 Restatement (Second) Agency § 8, Comment d. Upon a review of the case law and other authorities that discuss apparent authority, none of them refer to or treat the doctrine as a theory in equity. Furthermore, the court inHollywyle Assn., Inc. v. Hollister, 164 Conn. 389, 395,324 A.2d 247 (1973) implied that apparent authority is not an equitable doctrine when it stated that "[a]part from equitable considerations, the defendants contend that the deed should nevertheless be accorded validity for the reason that the plaintiff's secretary was clothed with apparent authority." The court is not persuaded as to the validity of Firemen's argument that apparent authority is an equitable doctrine.
The court would also note that whether or not the alleged adequate remedy at law against American Bankers is in fact adequate would necessarily involve factual issues which have yet to be determined.
Accordingly, for the reasons above stated, the motion for summary judgment is denied.
William L. Hadden, Jr, Judge